(No. 21200.— )

MARY LEWIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE GREEN GATE TEA ROOM *et al.* Defendants in Error.)

*Opinion filed December 23, 1932.*

A. A. RICE, for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error Frederick M. Doyle.

Per CURIAM: At the December, 1931, term, this court awarded a writ of error on the petition of plaintiff in error, Mary Lewis, to review the judgment of the circuit court of Cook county reversing an order of the Industrial Commission which dismissed the petition of the respondent, Frederick M. Doyle, impleaded with the Green Gate Tea Room, to review an order entered in favor of plaintiff in error by the arbitrator under the Workmen's Compensation act. The record shows that Frederick M. Doyle sought a review of the award entered by the arbitrator. The Green Gate Tea Room did not seek such review, and as to it the

award of the arbitrator became final. This cause was taken under submission at the February, 1932, term. Thereafter, on April 25, 1932, the suggestion of the death of Frederick M. Doyle was made on the record and the substitution of Nicholas M. Doyle, administrator of the estate of Frederick M. Doyle, deceased, was offered. The order of submission was set aside, the substitution of Nicholas M. Doyle, administrator, was allowed and the cause again placed on the civil docket. It was re-submitted at the October, 1932, term.

The abstract of the record shows that on October 19, 1929, the plaintiff in error filed a petition with the Industrial Commission against the Green Gate Tea Room and Frederick M. Doyle for an adjustment of her claim for an accidental injury received on September 10, 1929, and upon a hearing before an arbitrator an award was made in her favor in May, 1930. A petition for review filed by the respondent, Doyle, with the Industrial Commission was dismissed upon the motion of the defendant in error upon the ground that it had not been filed within the time required by the statute. Upon a writ of *certiorari* sued out of the circuit court this order was reversed, the order of the Industrial Commission was set aside and the award of the arbitrator was quashed. The transcript of the proceedings before the arbitrator and the Industrial Commission shows that the award of the arbitrator was made on May 18, 1930. It also shows that a notice dated May 13, 1930, was sent by the Industrial Commission to the parties, stating that on May 18, 1930, the decision of the arbitrator was filed with the Industrial Commission. The testimony taken before the commission on the motion to dismiss tends to show that the notice dated May 13, 1930, was sent by registered mail to the respondent, Doyle, and was received by him on May 15, while the transcript of the record shows that the award was not filed with the Industrial Commission until May 18. The petition for review was filed with the Industrial Commission on June 2,

which was within fifteen days of the date of the filing of the award with the Industrial Commission, which was the time allowed by law for filing a petition for review.

There is a manifest confusion of dates. The notice dated May 13, giving notice of the filing of the award of the arbitrator with the commission on May 18, was inconsistent on the face of it. The last line of the award itself (the date line) states, "Dated and entered this 18th day of May, 1930," and was signed, "S. J. Simon, Arbitrator." The notice itself begins after the address to the petitioner, "Take notice that on the 18th day of May, 1930, there was filed with the Industrial Commission at Chicago, Illinois, the decision of the arbitrator in the above entitled matter, a copy of which decision is enclosed to you herewith;" and it further notified the parties that unless a petition for review was filed within fifteen days after receipt of the notice and copy of the decision, the decision of the arbitrator would be entered of record as the decision of the Industrial Commission. We are bound by this record, and, whatever may be the confusion of dates, it seems clear that the award could not have been filed with the Industrial Commission before May 18 and the respondent, Doyle, could not be in default on June 2 in the filing of his petition for a review. The order of the commission dismissing the petition for review was therefore erroneous and the judgment reversing it was correct.

The circuit court erred, however, in quashing the award of the arbitrator. Its judgment should have remanded the cause to the commission, with directions to proceed to a hearing of the cause upon the evidence before it, and such further evidence, if any, as either party might produce. The only order the court could make was to reverse the order of the commission denying the respondent's right to a review and to direct the commission to give him the hearing to which he was entitled. The testimony of the respondent which was heard by the commission was before

the motion to dismiss was disposed of and was taken expressly for the accommodation of the witness and subject to the ruling on the motion to dismiss. When the motion to dismiss was allowed by the commission the case was disposed of and the court could make no order on the merits.

The judgment of the circuit court is reversed, with directions to that court to remand the same to the commission for a hearing on the merits.

*Reversed and remanded, with directions.*